(C. D. 78)

G. & H. Transport, Inc. (Philipp Wirth) *v.* United States

## United States Customs Court, Third Division

(Decided January 16, 1939)

Lamb & Lerch (Thomas J. McKenna of counsel) for the plaintiff.
Charles D. Lawrence, Acting Assistant Attorney General (Charles J. Miville and Daniel G. McGrath, special attorneys), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges

EVANS, Judge: These are actions against the United States in which the plaintiff seeks to recover money claimed to have been illegally assessed upon certain filters and filter material. The rate of duty is not challenged but it is the contention of the plaintiff, the importer herein, that the collector in liquidation should have used as a basis the entered value rather than the appraised value.

The merchandise involved was the subject of lengthy reappraisement proceedings before this court and the Court of Customs and Patent Appeals, the final result of which proceedings was that the appeals to reappraisement filed by the importer were dismissed. For the purpose of presenting the history of the case it will be necessary to refer to the various steps in the reappraisement cases which are shown by the files of this court.

The goods were originally appraised upon the basis of the foreign value. The importer, although conceding that there was a foreign-market value, was dissatisfied with the amount of that value as found by the appraiser and filed appeals to reappraisement 55526-A and 55527-A (which covered the entries involved in the instant case). In that proceeding it was agreed that there was no export value (Reap. Circ. 1794). This decision was affirmed by a division of the court in Reap. Circ. 1904. On appeal to the Court of Customs and Patent Appeals the decision below was reversed on the ground that no foreign-market value had been established and the case was remanded in order that the parties litigant might have an opportunity to prove United States value or cost of production (United States v. Philipp Wirth et al., 20 C. C. P. A. (Customs) 94, T. D. 45705).

On remand the lower court found that there was no United States value shown by the record (Reap. Dec. 3572). On appeal from that finding the Court of Customs and Patent Appeals in 23 C. C. P. A. (Customs) 283, T. D. 48144, again remanded the case with instructions to make findings as to costs of production, if any such cost was found to be shown by the record.

The lower court on remand, in a decision reported in Reap. Dec. 3849, held that the evidence was insufficient to establish the cost of

production and ordered the cases dismissed for failure of proof. This decision was affirmed in 24 C. C. P. A. (Customs) 188, T. D. 48654, and the appeals to reappraisement were dismissed in Reap. Dec. 3985.

The result of this litigation, therefore, was to dismiss the importer's appeals to reappraisement. Under the decisions this would result in the value fixed by the local appraiser being left in full force and effect *Meadows, Wye & Co. (Inc.) et al.* v. *United States*, 17 C. C. P. A. 36, T. D. 43324. In these cases, as stated above, the local appraiser found a foreign value for the merchandise. The collector based his assessment upon the appraised value.

It is the contention of the plaintiff herein that the action of the collector was illegal in that it was based upon an illegal appraisement. The ground for this contention is that the Court of Customs and Patent Appeals made a finding that there was no evidence to establish foreign value; that therefore an appraisement and liquidation based upon such value was illegal and the collector must liquidate on the entered value.

The Government contends that even though the Court of Customs and Patent Appeals, in their decision on the first appeal, held that there was no substantial evidence to establish a foreign value for the merchandise, such holding was merely that the appraisement was erroneous, not void. It is contended in the Government brief that the merchandise was subject to appraisement and that all the elements necessary to a valid appraisement were before the appraiser; therefore the appraisement made by him, if erroneous, nevertheless was not void. In support of this contention they cite the case of *United States* v. *Manahan Chemical Co.*, 24 C. C. P. A. (Customs) 53, T. D. 48333.

That case held among other things that—

* * * in all cases where merchandise is subject to appraisement, and all of the elements necessary to a valid appraisement are before the appraiser, his appraisement, if erroneous, should not be held to be null and void, and the reappraising tribunals should find the value of the merchandise whenever the record is sufficient to warrant such a finding.

As the history of the reappraisement litigation above set forth shows, the court which finally passed on the question did not find a value for the merchandise here involved, although the single judge in the initial trial of the appeals to reappraisement (Reap. Circ. 1794) states:

Both parties in interest concede that the merchandise has a foreign, but no export, value.

Failure to find a value left the value found by the appraiser, though erroneous, still in force. In other words, the importer, the plaintiff herein, as a result of his attacks on the value found for the merchandise, succeeded only in proving that it was erroneous. His burden is

not only to prove that point but to show what is the correct dutiable value. This he failed to do.

The collector, in adopting the appraised value as the dutiable value, followed the statute. Section 503 of the Tariff Act of 1922, under which this merchandise was entered, provided:

SEC. 503. DUTIABLE VALUE.—Whenever imported merchandise is subject to an ad valorem rate of duty or to a duty based upon or regulated in any manner by the value thereof, the duty shall be assessed upon the value returned by the appraiser, general appraiser, or Board of General Appraisers, as the case may be. * * *

Neither the general appraiser (now single judge) nor the Board of General Appraisers (now United States Customs Court) returned a value for the merchandise. The value found by the appraiser, although held erroneous by the court of appeals, was not corrected by the importer in his numerous attacks thereon.

Since the net result of the litigation was a dismissal of the appeal to reappraisement, the appraisement would have to stand as made and the liquidation on that basis should not be disturbed.

Plaintiff's claims are therefore overruled. Judgment will be rendered accordingly. It is so ordered.